UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                                            CASE NO. 18-12688

SHAWN ANTHONY BROWN, SR.                             SECTION "B"

        DEBTOR                                                                                           CHAPTER 13

## ORDER WITH REASONS

This matter came before the court on February 6, 2019 as an evidentiary hearing on the debtor's objection to Proof of Claim number 3 filed by the Louisiana Department of Revenue ("LDR"). The LDR filed a proof of claim in the amount of $92,145.46 seeking to hold the debtor personally liable for the failure of Psalms 23 DME, LLC (the "LLC") to file withholding tax returns for the tax periods between 5/31/2008 and 6/30/2018, and to pay any taxes that may have been owed during that same period. Because the court finds that the LDR did not carry its burden of showing the debtor was a person responsible for the filing of the taxes under Louisiana Revised Statute 47:1561.1.

IT IS ORDERED that the objection is GRANTED, and the LDR's claim is disallowed.

Louisiana Revised Statute 47:1561.1 states:

Notwithstanding any other provision of law to the contrary, if any corporation, limited liability company, or limited partnership fails to file returns or to remit the income taxes withheld from the wages of its employees under Chapter 1 of Subtitle II of this Title, or if any corporation, limited liability company, or limited partnership fails to file returns or to remit the sales and use taxes collected from purchasers or consumers under Chapters 2, 2-A, and 2-B of Subtitle II of this Title, the secretary is authorized, as an alternative means of enforcing collection, to hold those officers or directors, or those managers or members as defined in R.S. 12:1301(12) and (13), having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon. Collection of the total amount due may be made from any one or any combination of such officers or directors, or managers or members as

1

>defined in R.S. 12:1301(12) and (13), who willfully fail to remit or account for such taxes withheld or collected, by use of any of the alternative remedies for the collection of taxes as provided in R.S. 47:1561.

There are not many cases that discuss this statute, but the Louisiana Supreme Court had occasion to discuss it in *State v. DeJesus*, 642 So.2d 854 (La. 1994).

*DeJesus* concerned an action for both criminal and civil penalties under Louisiana law against the owner of a corporation for the failure to pay state sales taxes and the filing of fraudulent returns. The Louisiana Supreme Court found that the language in the Louisiana statute was similar to that in 26 U.S.C. § 6672 and determined that the Louisiana legislature intended its provisions for the civil and criminal sanctions with respect to state taxes to accomplish the same purpose as the federal statutes. The *DeJesus* court went on to state, with respect to § 6672, and R.S. 47:1561.1:

>For purposes of section 6672, an individual's status as an officer or director of a corporation required to collect and pay over trust fund taxes is not alone enough to make him or her a "responsible person" liable for the willful evasion of such taxes. The officer must possess "significant decision-making authority over the corporation's tax matters," *Barton v. United States,* 988 F.2d 58, 59 (8th Cir.1993), or have "general control over corporate business affairs [by] participat[ing] in decisions concerning payment of creditors and disbursement of funds." *O'Connor v. United States,* 956 F.2d 48, 51 (4th Cir.1992); *Gephart v. United States,* 818 F.2d at 473. The analysis is fact specific, *id.,* and the focus is "on substance rather than form." *O'Connor,* 956 F.2d at 51.[1]

Thus, the court must make a fact specific determination that the debtor had significant decision-making authority over the LLC's tax matters. The state carries the burden of showing the significant decision-making authority exists. *Morrison v. C.A. Guidry Produce*, 856 So.2d 1222 (La.App. 3 Cir. 2003).

---

[1] *State v. DeJesus*, 642 So. 2d 854, 857 (La. 1994).

The LDR's proof of claim states that the debtor is liable for withholding taxes owed by the LLC beginning with the tax period 5/31/2008 through 6/30/2018. The evidence produced by the LDR fails to show that the debtor had significant decision-making authority over the LLC's tax matters or general control over the LLC's business affairs by participating in decisions concerning payment of creditors and disbursements of funds during the period in question. To the contrary, the uncontested testimony of the debtor shows no control by him over the business affairs of the LLC.

The evidence does show that the debtor and his wife formed the LLC in 2003, and they registered it with the Louisiana Secretary of State on January 6, 2004.[2] The formation documents list both the debtor and his wife, Tracy Brown, as members and as registered agents. The LDR introduced into evidence copies of monthly withholding forms signed by the debtor dated 1/16/04, 2/1/04, 2/25/04, 3/20/04, and 4/21/04. These forms showed that no withholding tax was due.[3] The LDR also introduced into evidence sales tax forms signed by the debtor dated 12/26/03, 3/4/04, and 3/29/04 showing no sales tax was due, as well as undated forms for the 9/30/2003 and 10/31/2003 tax periods showing no tax due, and a check dated 9/5/04 in the amount of $140.00 for the payment of sales tax, also signed by the debtor.[4] LDR introduced a corporate tax form for the LLC signed by Tracy Brown as president, dated 10/19/07, which had as an attachment a check in the amount of $23.00 dated 10/23/07 drawn on the LLC's account and signed by the debtor.[5] Finally, the LDR introduced a 2005 personal tax return filed by the

---

[2] Exhibits 1-4.
[3] Exhibit 5.
[4] Exhibit 6.
[5] Exhibit 7.

3

debtor and his wife, Tracy Brown, with a W-2 form showing that in 2005 he earned $13,400.00 from the LLC.[6]

The debtor testified that although he and his wife formed the business together, it was really her enterprise, and she controlled it, or in the debtor's words, "she ran everything." The LLC was formed as a business through which his wife, a registered nurse, could sell medical equipment. During the entire period in question, the debtor was employed full time as a New Orleans police officer. He retired from the police force in February 2015. The debtor testified that he helped his wife get organized and set up the business at the beginning, but that after the beginning period, she was in charge of the management and operation of the business, and that she was the owner of the business. He further testified that he had no control or involvement in the LLC during the 2008-2018 period at issue here. The debtor further testified that in 2008, his wife stopped operating the LLC because she was being investigated for Medicare fraud, and she formed a new LLC called Divine Inspiration in 2008. He testified that she ran a home healthcare business through Divine Inspiration from 2008 until 2017, when she was sentenced to federal prison for Medicare fraud involving the LLC at issue in this case. The court found the debtor to be a credible witness, and the LDR did not controvert any of the debtor's testimony with respect to these statements.[7]

The LDR asserts that in order for the debtor to be held personally liable for the payment of taxes, it need only show that he had direct control and supervision over filing taxes at any time, and then it is up to the debtor to show that he relinquished the authority to file taxes either by showing that the LLC had filed a resolution stating he had no authorization to file taxes, that

---

[6] Exhibit 8.
[7] The LDR did ask the debtor whether he had ever received a salary from the LLC, to which he replied that he didn't think that he had, when in fact he did receive a salary in 2005 – as shown by his 2005 personal tax return, but this appeared to be more of a failure to recollect than an attempt to deceive the court.

he and his wife had a separate property agreement, or that the articles of organization for the LLC had been amended to remove him as a member. Otherwise, because he could have filed the taxes at any point, he is liable for the LLC's failure to file. The LDR cites no authority to support its argument, and the court disagrees with the LDR's premise that the debtor had the obligations the LDR seeks to impose on him.

*DeJesus* and the cases cited therein specifically require an individual to possess "significant decision-making authority over the corporation's tax matters." *Barton v. United States,* 988 F.2d 58, 59 (8th Cir. 1993). The *Barton* case, which found that the corporation's vice president and secretary was not personally liable for the taxes, further holds that "a person's technical authority to sign checks and duty to prepare tax returns are not enough to make the person responsible."[8] *DeJesus* also cites *O'Connor v. U.S.*, 956 F.2d 48 (4th Cir. 1992). *O'Connor* reverses a district court's summary judgment ruling in favor of the IRS because there were genuine issues of fact about whether Mr. O'Connor was a responsible person within the meaning of the statute. The court stated:

> Several factors may indicate that a party is a responsible person under § 6672. The key element, however, is whether that person has the statutorily imposed duty to make the tax payments. This duty is considered in light of the person's authority over an enterprise's finances or general decision making. *Ruth v. United States,* 823 F.2d 1091, 1094 (7th Cir.1987); *Godfrey,* 748 F.2d at 1575. This authority is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursement of funds. *Monday v. United States,* 421 F.2d 1210 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). However, a party cannot be presumed to be a responsible person merely from titular authority. Most corporate officers probably do have the authority to make disbursements, particularly in a closely held corporation such as Convoi. The focus must instead be on substance rather than form. *Godfrey,* 748 F.2d at 1576.

---

[8] *Barton,* 988 F.2d at 59.

The court then went on to give specific examples of duties a responsible person would perform, such as controlling payroll, deciding which bills to pay or not pay, drawing a salary, and participating in the day to day management of the corporation.

Thus, contrary to the LDR's assertion that it must only show that at some point the debtor had check writing authority and filed taxes, the court must look at how the LLC was run. The debtor testified credibly that he had no involvement with the operation of the LLC. The LDR produced no countervailing evidence to show otherwise. Tracy Brown signed the 2007 corporate return as the president, which was consistent with the debtor's testimony that she controlled the LLC. The only forms that the LDR produced that were signed by the debtor were from late 2003 and early 2004, which is consistent with the debtor's testimony that he helped get his wife get organized and start up the business.

Because the LDR has not met its burden of showing that the debtor had significant decision-making authority over the LLC's tax matters, the court sustains the debtor's objection to the LDR's claim, and the claim is disallowed.

New Orleans, Louisiana, February 13, 2019.

_____
Jerry A. Brown
U.S. Bankruptcy Judge